**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000163**
**25-MAY-2021**
**07:48 AM**
**Dkt. 83 SO**

NO. CAAP-20-0000163

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
SNT ST, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTC-19-040803)


<u>SUMMARY DISPOSITION ORDER</u>
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant Snt St (**St**) appeals from the Notice
of Entry of Judgment and/or Order and Plea/Judgment filed on
February 19, 2020 (**Judgment**) in the Honolulu Division of the
District Court of the First Circuit (**District Court**).[1]  St was
charged by complaint with three counts and, after a jury-waived
trial, convicted on Count 1, Driving Without Motor Vehicle
License in violation of Hawaii Revised Statutes (**HRS**) § 286-102

---

[1]     The Honorable Wilson M.N. Loo presided.

(Supp. 2019),[2] and Count 3, Accidents Involving Bodily Injury in violation of HRS § 291C-12.6(a) (2007).[3]

St raises five points of error on appeal, contending that: (1) the District Court failed to give St a prior-to-trial

---

[2]    HRS § 286-102, provides, in relevant part:

> **§ 286-102  Licensing.**  (a) No person, except one:
>
> (1)    Exempted under section 286-105;
>
> (2)    Who holds an instruction permit under section 286-110;
>
> (3)    Who holds a limited purpose driver's license, limited purpose provisional driver's license, or limited purpose instruction permit under section 286-104.5;
>
> (4)    Who holds a provisional license under section 286-102.6;
>
> (5)    Who holds a commercial driver's license issued under section 286-239; or
>
> (6)    Who holds a commercial driver's license instruction permit issued under section 286-236,
>
> shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.
>
>      (b)    A person operating the following category or combination of categories of motor vehicles shall be examined as provided in section 286-108 and duly licensed by the examiner of drivers:
>
>      . . . .
>
> (3)    Passenger cars of any gross vehicle weight rating[.]

[3]     HRS § 291C-12.6(a) provides:

> **§ 291C-12.6  Accidents involving bodily injury.**  (a) The driver of any vehicle involved in an accident resulting in bodily injury to any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of section 291C-14. Every such stop shall be made without obstructing traffic more than is necessary.

advisory, as mandated in <u>State v. Lewis</u>, 94 Hawaiʻi 292, 12 P.3d 1233 (2000), and subsequently gave St a deficient <u>Tachibana</u>[4] colloquy; (2) the charge in Count 3 was fatally defective; (3) the District Court erred in admitting State's Exhibit 8 (**Exhibit 8**) in violation of St's right to confrontation and Hawaiʻi Rules of Evidence (**HRE**) Rules 802 and 901; (4) the District Court erred in allowing into evidence Gabriel St's (**Gabriel's**) testimony as to his other children's statements in violation of HRE Rule 802; and (5) there was no substantial evidence to support St's convictions.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve St's points of error as follows:

(1) As the State acknowledges on appeal, the District Court, *inter alia*, did not properly colloquy St regarding his right to testify as the District Court did not engage in a "true colloquy" and failed to affirm that St understood his right to testify. See <u>State v. Celestine</u>, 142 Hawaiʻi 165, 171, 415 P.3d 907, 913 (2018) ("[B]eyond advising defendants of the rights afforded to them, a court must engage defendants in a true colloquy to ascertain whether the defendant understands the right to testify and the right not to testify and whether the decision

---

[4] <u>Tachibana v. State</u>, 79 Hawaiʻi 226, 236 n.7, 900 P.2d 1293, 303 n.7 (1995).

not to testify is made with an understanding of these rights.").
Based on our review of the record, we cannot conclude that the
District Court's deficient colloquy was harmless beyond a
reasonable doubt.

(3) St argues, and the State agrees, that Exhibit 8
was improperly admitted into evidence.

HRE Rule 901(a) provides that "[t]he requirement of
authentication or identification as a condition precedent to
admissibility is satisfied by evidence sufficient to support a
finding that the matter in question is what its proponent
claims."

Exhibit 8 was purportedly a statement of Gabriel, but
it indicated that it was prepared by another person.  Gabriel is
St's father.  Although Gabriel's signature on the document was
authenticated as his, the balance of the statement was not.  This
deficiency is significant in this case because Gabriel, who
testified with the aid of an interpreter, testified that he
"didn't understand so much" what the police were telling him,
that the police might not have understood him because of a
language barrier, and that he signed "the paper, but without
understanding."  Upon review, we conclude that there was
insufficient evidence that the substance of Exhibit 8 was
Gabriel's statement and Exhibit 8 was improperly admitted into
evidence.

(5)   St argues, and the State agrees that, for both charges, the State was required to prove that St was driving a vehicle at the time of the incident, and failed to do so.  See HRS § 291C-12.6(a) ("The driver of any vehicle involved in an accident resulting in bodily injury to any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible . . . ."); see also HRS § 286-102 ("No person . . . shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.").

Without Exhibit 8, at most, there was a single witness who testified that he saw St and two other individuals exit from the driver's side of the car involved in the incident (Gabriel's vehicle), but that witness could not identify the driver. Further, St argues that  Gabriel's testimony about his children's statements to him that St was driving Gabriel's car that day was inadmissible hearsay, and the State argues that it was not offered for the truth of the matter asserted – *i.e.*, that St was driving Gabriel's car that day.  Given the State's position is that Gabriel's testimony was not elicited for the truth of the matter asserted, his testimony cannot be relied upon to establish the fact that St was driving the vehicle at the time of the incident.  There being no other evidence, or reasonable inference from the evidence at trial, that St was driving the vehicle, even

viewing the evidence in the light most favorable to the State, we conclude that there was insufficient evidence to convict St on Counts 1 and 3.

In light of our dispositions above, we need not address St's other points of error on appeal.

For these reasons, the District Court's February 19, 2020 Judgment is reversed.

DATED: Honolulu, Hawaiʻi, May 25, 2021.

On the briefs:

Andrew I. Kim,
Deputy Public Defender,
for Defendant-Appellant.

Chad M. Kumagai,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge